UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KUNTIE RAMLOGAN,

               Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-07-2621 (BMC)

FILED IN CLERKS OFFICE U.S. DISTRICT COURT E.D. N.Y. ★ MAR 20 2008 ★ P.M. _____ TIME A.M. _____

**COGAN, District Judge.**

This social security disability case is before me on defendant's [10] motion for judgment on the pleadings. Familiarity with the facts is assumed. Plaintiff filed the action *pro se* but after the filing of the motion, and service of the required notice to *pro se* litigants under Local Rule 12.1, plaintiff appeared by counsel. However, counsel failed to submit any opposition to the motion, and I therefore notified plaintiff's counsel that the motion would be considered as unopposed. Plaintiff's counsel still did not respond, so I have conducted an independent review of the record to determine if the Administrative Law Judge' decision to deny disability benefits was supported by substantial evidence and applied the correct legal standard. See Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). In particular, because plaintiff was represented before the ALJ and the Appeals Council, I have considered the arguments which her attorney raised to the Appeals Council.

Plaintiff's claim for disability benefits is based on two claims: mental disability as a result of depression, and osteoarthritis of the left ankle stemming from an injury that required

insertion of a screw and metal plate (which have since been removed). (There is also another claim alleging back pain, but as noted below, there is simply no medical evidence to support that.) The ALJ applied the familiar five-step evaluation process set forth in 20 C.F.R. §404.1520 and concluded that these conditions did not meet the definition of disability as stated in 42 U.S.C. §423(d).

As to the mental impairment, the evidence was more than substantial and indeed was compelling that plaintiff is not disabled from this impairment. The depression, which appears to have its roots in her ankle injury, was never characterized by any physician as more than "mild" and that diagnosis was from a consultative psychologist; she has not sought any mental health counseling in connection with this condition. Her treating neurologist, whose focus was primarily on diagnosing and treating pain resulting from her ankle injury, prescribed an antidepressant, apparently as a way of coping with the pain, which plaintiff was resistant to take (non-compliance with medical advice is a recurrent theme in her treatment) but it appears she was taking one at the time of the hearing. She also took Xanax for a time after her after ankle surgery and was able to return to work after that, but apparently she found the side effects unacceptable. There was abundant other evidence in the record to show that her mental condition was not disabling and indeed her attorneys did not argue this point before the Appeals Council (not that the failure to raise the point effected a waiver here, but it is some indication that the mental impairment was insufficient to support a finding of disability).

The ankle injury, specifically, a tibia fracture, presents a closer question as the injury is more palpable and there seems little doubt that plaintiff continues to experience discomfort from it and has some degree of limitation, even though the record is clear that from an orthopedic

perspective, the bone sections have "knit" well. Nevertheless, I find there is substantial evidence to support the ALJ's finding of non-disability.

This case really came down to a credibility determination as to whether plaintiff's description of her pain and limitations was accurate. The ALJ held that she was not credible because her testimony conflicted with the medical evidence. He explained in detail how he reached that conclusion. Several points stand out. First, she testified that she could not walk or lift any weight. But that is clearly not the case. The medical evidence showed that her upper extremities were unimpaired, so there is no reason she could not lift the meager ten pounds required for sedentary work classification he gave her. It also seems clear that although she has a limp and some tenderness, her testimony that she cannot walk is not right.

Of the factors upon which the ALJ relied to establish credibility, the one that stands out for me is the recovery trend, which seems to go very well for a couple of years, and then, really without much medical explanation and indeed contrary to most of the medical record, seems to reverse and start to result in subjective expressions of pain. In her testimony, plaintiff stated that the pain got worse after her surgery. But the medical records contradict that. The ALJ's decision goes into considerable detail concerning the relatively positive recovery results expressed by her treating physicians, and then an increase in subjective complaints after the denial of her initial application for benefits.

In addition, the ALJ based his credibility determination on plaintiff's relatively recent complaint of back pain. But he correctly summarizes the medical evidence, which contradicts that complaint.

If the ALJ's credibility finding is sustainable, and I find that it is, then there is substantial evidence in the record to support his finding of non-disability. There was an abundance of

3

evidence showing that plaintiff can do sedentary work. I think that the ALJ's concluding comment on the credibility point, that "[w]hile daily activities may be limited, there is no reasonable medical basis for the degree of limitations [sic] alleged," rings true on this record.

Finally, before the Appeals Council, plaintiff's attorney argued that a failure to apply the treating physicians' rule. The treating physicians, however, for the most part supported the ALJ's conclusions.

**SO ORDERED.**

/s/(BMC)

U.S.D.J./

Dated: Brooklyn, New York
March 19, 2008